**JEFFREY N. BROWN (SBN 105520)**
jbrown@thompsoncoburn.com
**THOMPSON COBURN LLP**
**10100 Santa Monica Boulevard, Suite 500**
**Los Angeles, California 90067**
**Tel: 310.282.2500 / Fax: 310.282.2501**

Attorneys for Defendant Comma.ai, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN MCGINNIS, by and through his duly appointed guardian & conservator, PAMELA MCGINNIS; and PAMELA MCGINNIS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COMMA.AI, INC., a Delaware corporation; and ALLEN G. ROBBERSON, an individual, <br><br> Defendants. | CASE NO. 3:26-cv-1365 <br><br> **DEFENDANT COMMA.AI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** <br><br> Removed from Superior Court of California, County of Alameda, Case No. 26-cv-166471 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

200762070

DEFENDANT COMMA.AI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

**PLEASE TAKE NOTICE** that Defendant Comma.ai, Inc. ("comma.ai"), through the undersigned counsel, under 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the state court action captioned *Kevin McGinnis, et al. v. comma.ai, Inc., et al.*, No. 26-cv-166471, from the Superior Court of the State of California, County of Alameda, where it is currently pending, to the United States District Court for the Northern District of California.   This matter is removable because the parties are completely diverse and the amount in controversy exceeds the sum of $75,000, excluding interest and costs.  In accordance with 28 U.S.C. § 1446(a), comma.ai provides the following statement of grounds for removal.

1.      On January 23, 2026, Plaintiffs Kevin McGinnis and Pamela McGinnis commenced an action in the Superior Court of the State of California, County of Alameda, titled *Kevin McGinnis, et al. v. comma.ai, Inc., et al.*, No. 26-cv-166471 (the "State Court Action").  Although not yet served, comma.ai has attached copies of the docket and all process, pleadings, and orders currently available in the State Court Action as Exhibit A.

2.      Plaintiffs assert negligence and strict liability claims and seek damages for injuries arising from a vehicular accident that occurred in DeKalb County, Missouri, involving a vehicle allegedly equipped with comma.ai's openpilot, an open-source, advanced driver assistance system.[1] *See* Ex. A, Compl. at 1–3, ¶¶ 1–11.  In addition to naming comma.ai as a defendant, Plaintiffs also name Allen G. Robberson, the individual who negligently operated the other vehicle at the time of the accident, as a defendant.  *Id.* at 1.

3.      Removal of this action is proper under 28 U.S.C. § 1441.  The Court has subject matter jurisdiction over this case because it is a civil action "between citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a).

4.      Comma.ai has not received service of a summons and Complaint in the State Court Action and is not aware that service has been effectuated on any party named in the State Court Action.  As of the filing of this notice, no proof of service for any defendant has been filed on the

---

[1] Comma.ai does not concede (and specifically denies) that openpilot is a product that can serve as the basis for liability under the negligence or strict liability theories alleged.

2

DEFENDANT COMMA.AI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

state court docket.  *See* Ex. A.  The Notice of Removal and other contemporaneous filings are comma.ai's first filings in this action.

5.    No California citizen has been properly "joined *and* served" in this action according to the docket in the State Court Action.  Because no defendant has been "properly joined *and* served," the forum defendant rule does not preclude removal.  28 U.S.C. § 1441(b)(2) (emphasis added); *see Humana Inc. v. Handa Pharms., LLC*, 2023 WL 5227191, at *3 (N.D. Cal. Aug. 15, 2023) ("[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." (internal quotations omitted)) (collecting cases); *Stone v. Omnicell, Inc.*, 2026 WL 266243, at *7 (N.D. Cal. Feb. 2, 2026) (slip op.) (same).

**I.    This case meets the complete diversity of citizenship requirement.**

6.    Plaintiff Kevin McGinnis is a citizen of the State of Missouri.  *See* Compl. at 1, ¶ 1.

7.    Plaintiff Pamela McGinnis is a citizen of the State of Missouri.  *See* Compl. at 2, ¶ 2.

8.    Defendant comma.ai, Inc. is a Delaware corporation with its principal place of business in the State of California.  *See* comma.ai Rule 7.1 Certificate of Interested Parties.

9.    Defendant Allen G. Robberson is a citizen of the State of California.  *See* Compl. at 2, ¶ 4.

10.    No Plaintiff is a citizen of the same state as any Defendant.  Accordingly, complete diversity exists among the parties.  *See* 28 U.S.C. § 1332(a).

**II.    This case meets the amount in controversy requirement.**

11.    Plaintiffs do not plead a specific amount of damages.  "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).

12.    Comma.ai estimates that Plaintiffs' claims exceed $75,000.  Plaintiffs allege that Kevin McGinnis was "*severely* injured in a motor vehicle crash[,]" currently suffers "*severe*, *permanent*, and *progressively worsening* injuries[,]" and sustained "severe orthopedic injuries and internal injuries requiring surgical repair" and "significant injuries to [Plaintiff's] brain[.]"  *See*

Compl. at 1–4, ¶¶ 1, 11, 18 (emphasis added). Plaintiffs also allege future medical expenses, lost wages, and future economic benefits. *Id*. at 4, ¶ 19.

13.     These alleged injuries plainly exceed $75,000. Because comma.ai plausibly alleges that the amount in controversy exceeds $75,000, the amount in controversy requirement is satisfied. 28 U.S.C. § 1332(a); *see Dart Cherokee*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

**III.     Defendant comma.ai has satisfied all procedural requirements for removal.**

14.     Comma.ai has removed this action "to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

15.     Comma.ai has attached "a copy of all process, pleadings, and orders" in the State Court Action. 28 U.S.C. § 1446(a).

16.     Comma.ai has timely filed its Notice of Removal. *See* 28 U.S.C. § 1446(b)(1). As explained above, comma.ai is not aware that service has been effectuated on any defendant named in Plaintiffs' complaint. As of the date of this notice, no proof of service for any defendant appears on the state court docket.

17.     Comma.ai will promptly provide written notice to Plaintiffs upon filing the Notice of Removal (the "Notice to Plaintiff"), and will promptly file a copy of the Notice to Plaintiff with the Clerk of Court for the Superior Court of the State of California, County of Alameda (the "Notice to State Court"). *See* 28 U.S.C. 1446(d).

18.     Accordingly, comma.ai has met all procedural requirements for removal.

19.     Comma.ai removes this action without waiving its right to assert any affirmative statutory defenses, common law defenses, or motion to dismiss available under applicable state or federal law.

20.     Comma.ai requests a trial by jury on all counts in Plaintiffs' complaint. *See* 28 U.S.C. § 1446.

WHEREFORE, this action is hereby removed to the United States District Court for the Northern District of California.

DATED: February 13, 2026          **THOMPSON COBURN LLP**


By:   */s/ Jeffrey N. Brown*
      **JEFFREY N. BROWN**
      Attorneys for Defendant, Comma.ai, Inc.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 10100 Santa Monica Boulevard, Suite 500, Los Angeles, California 90067.

On February 13, 2026, I served true copies of the following document(s) described as **DEFENDANT COMMA.AI, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

Kirk R. Presley                                     Attorneys for Plaintiffs
Presley & Presley, LLC
4801 Main St., Ste. 375
Kansas City, MO 64112
(816) 931-4611
kirk@presleyandpresley.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address cmamayson@thompsoncoburn.com  to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 13, 2026, at Los Angeles, California.

*/s/ Catherine C. Mamayson*
Catherine C. Mamayson

200762070

PROOF OF SERVICE